## FIDELITY TRUSTEE & DEPOSIT CO.
## v. CERTIFIED OIL PROPERTIES.

No. 30153. Sept. 9, 1941.

Rehearing Denied Oct. 14, 1941.

Application for Leave to File Second Petition for Rehearing Denied Dec. 2, 1941.

119 P. 2d 83.

Hal Johnson, of Oklahoma City, for plaintiff in error.

A. L. Beckett, of Oklahoma City, for defendants in error Cimarron Trust, Cimarron Petroleum Trust, Ottis L. Dickey, Myrtle M. Dickey, and Home Stake Royalty Corporation.

Joe Whitten, of Oklahoma City, for defendants in error Cimarron Trust and Cimarron Petroleum Trust.

GIBSON, J. This is an appeal from an order of the district court of Oklahoma county denying motion to discharge receivership of a certain oil and gas mining lease.

Certain of the defendants in error, as trustees for the owners of a minority interest in the lease, commenced an action against the plaintiff in error as trustee for the owners of the majority interest therein to adjudicate certain alleged rights of cotenancy with reference to the control and operation of the lease as affected by an operating contract entered into by all owners with Oil Well Operators, Inc., which company was also made a party defendant. The defendants in error, as plaintiffs or interveners below, asked for the appointment of a receiver to take charge of the property and to recondition the well, which had allegedly been allowed to deteriorate, etc.

At the hearing on the petition the parties agreed to the appointment of a receiver with power, under supervision of the court, to manage the financial affairs of the lease and to engage by contract a competent party to recondition the producing well thereon. Pursuant to this agreement, judgment was entered appointing a receiver and defining his duties, and providing that the receiver shall not at any time operate any of said leasehold property.

The receiver engaged an operator as ordered, and the well was duly reconditioned as per contract, and the operator released by order of court from further obligation thereunder. The receiver immediately applied to the court for further directions, and he was ordered to operate the well pending further order.

Subsequently, the plaintiff in error, trustee for the owners of a majority interest as aforesaid, moved to discharge the receivership, alleging that the purposes for which the receiver had been appointed were fully accomplished, and

that the property should be returned to the joint control of all the owners. The motion was denied, and this appeal resulted.

Plaintiff in error, while recognizing the general discretionary power of the trial court in the matter of closing a receivership, asserts that the court abused its discretion in the instant case for the reason that the purposes for which the receiver was appointed had been fully accomplished. And it is further asserted in effect that the ultimate relief sought by plaintiffs in the original action to which the receivership was incidental or ancillary is no longer at issue and that the receiver is no longer necessary or proper for the protection of the parties.

In examining the petition we find that the plaintiffs objected to the manner in which the Oil Well Operators, Inc., had operated the well under the alleged influence of the plaintiff in error. And it appears that plaintiffs sought a decree adjudging them to have the right to possession and use of the leasehold estate in common with plaintiff in error, and entitled to participate in the possession, control and operation of the producing well thereon. As incidental to this relief they asked that a receiver be appointed pendente lite to recondition the well and bring it up to profitable production.

The plaintiff in error by the language employed in its motion fully recognized and assented to the demands of the plaintiff. There remained therefore no disagreement or issue between the parties as to the ultimate relief sought, and neither party occupied a position of advantage over the other with reference to the property involved. The property was in full custody of the court. And, according to the evidence, the original purpose of the receivership had been accomplished. In view of those circumstances there was nothing for the court to do but to close the receivership and return the premises to the cotenants.

The evidence indicates merely a suspicion on the part of the plaintiff below that a satisfactory agreement between the parties for future operation would be impossible. The mere belief of one tenant that he and his cotenant may not agree in the future as to the control and management of the estate constitutes no cause for retaining the services of a receiver. There must be some kind of relief sought other than the receivership to warrant the appointment or retention of a receiver. The appointment of a receiver pendente lite "is merely an ancillary, auxiliary, incidental, and provisional remedy, allowable only in, or in connection with, an action pending for some other purpose, and in which there is a prayer for other and final or ultimate relief." 53 C. J. 21, § 5. This will apply to a situation where, as here, there no longer remains a dispute between the parties. In Wagoner Oil & Gas Co. v. Marlow, 137 Okla. 116, 278 P. 294, the court held as follows:

"Whenever the reason or necessity for a receiver ceases to exist, the property should be discharged from the receivership, although the mere coming into existence of this state of things does not ipso facto discharge the receiver."

We find no reason here for continuing the services of the receiver. The evidence shows that the Oil Well Operators, Inc., no longer claims the right to operate the well under its former contract or by virtue of any other right. The property should be turned back to the joint control of the cotenants to manage as they see fit.

We hold, therefore, that where a receiver pendente lite has been appointed to take charge of the premises in an action between cotenants wherein the plaintiff seeks only to regain possession and joint control of the property as such cotenant, and the defendant concedes his claims, and the receiver has accomplished the purposes for which he was appointed, denial of defendant's motion to discharge the receiver and return the property to the cotenants constitutes error.

Certain interveners have filed pleadings in this case. They are either royalty owners or owners of beneficial interests in the lease held in trust by the

plaintiff below or by the plaintiff in error herein. None actually sought relief other than joining in the request to continue the services of the receiver. The intervener Chadwell alleged that he was entitled to an accounting from the plaintiff in error, but asserted on the witness stand that he had no grievance with anyone. The record shows that his only interest was to retain the receiver for the purpose of operating the well. The interveners by their petitions and evidence have shown no reason for continuing the receivership.

The judgment is reversed and the cause remanded, with directions to proceed accordingly.

WELCH, C. J., CORN, V. C. J., and OSBORN and DAVISON, JJ., concur.